UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael Goins, # 302385,<br>*a/k/a Michael D. Goins*,<br><br>       Plaintiff,<br><br>vs.<br><br>Palmetto Health Medical Center at Park Ridge (PMHC);<br>The South Carolina Department of Corrections;<br>The Anderson Radiology Center (ARC); Dr. Chad Rubin;<br>Doctor Parker; Doctor Scott; John Doe # 1, Nurse at PMHC;<br>John Doe # 2, Nurse at PMHC; John Doe # 3, Nurse at ARC;<br>John Doe # 4, Nurse at ARC; John Doe # 5, Nurse at ARC;<br>Doctor Benjamin Lewis; NP Amy Enloe;<br>Nurse Katherine Burgess; Nurse Lindsey Harris;<br>Nurse Matthew Harper; Nurse Faith Chappell;<br>Janice Phillips, Administrative Asst at SCDC Headquarters;<br>John Doe # 6, Nurse at SCDC Headquarters; and<br>John Doe # 7, Nurse at SCDC Headquarters,<br><br>       Defendants. | C/A No. 4:14-4082-RMG-TER<br><br>Report and Recommendation |

The Plaintiff, Michael Goins (Plaintiff), proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at the Perry Correctional Institution (PCI), and files this action in forma pauperis under 28 U.S.C. § 1915. The complaint names South Carolina Department of Corrections, Palmetto Health Medical Center at Park Ridge (PMHC), The Anderson Radiology Center (ARC); and various Medical Staff and employees with these different entities as Defendants.[2] Plaintiff claims he is being denied and/or has received improper medical treatment and seeks

---

[1] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

1

monetary damages, as well as injunctive relief. The complaint should be dismissed for failure to state a claim upon which relief may be granted.

**Pro Se and In Forma Pauperis Review**

Under established local procedure in this judicial district, a careful review has been made of the pro se complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act, Pub.L. No. 104–134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992); Neitzke v. Williams, 490 U.S. 319, 324–25, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Haines v. Kerner, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir.1995); and Todd v. Baskerville, 712 F.2d 70 (4th Cir.1983).

This complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." 28 U.S.C. § 1915(e)(2) (B)(I), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." Denton v. Hernandez, 504 U.S. at 31. A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). See Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Allison v. Kyle, 66 F.3d 71 (5th Cir.1995).

This Court is required to liberally construe pro se documents, Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50

L.Ed.2d 251 (1976), holding them to a less stringent standard than those drafted by attorneys, Hughes v. Rowe, 449 U.S. 9 (1980). Even under this less stringent standard, however, the pro se complaint is subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir.1990).

## Background

Plaintiff states that in approximately September of 2011, he discovered a knot in his stomach a couple of inches above his navel. He went to sick call and an appointment was made for him to see a nurse practitioner. He was examined by the NP soon thereafter. In late 2012/early 2013 Plaintiff indicates pain from this knot intensified. He went back to sick call and eventually saw a medical staff member and had a sonogram, which he indicates revealed an umbilical hernia. He ultimately had hernia surgery in July of 2013.

Post surgery, Plaintiff indicated he could still feel a bulge in his stomach, so he returned to sick call and the surgery clinic where he was told the bulge was scar tissue. Plaintiff indicates he complained with pain on subsequent visits to sick call and the surgery clinic. At one point, he was prescribed pain medication. Plaintiff continued with complaints of pain and was sent to have a CT scan at Anderson Radiology Center, which supposedly indicated there was no umbilical hernia, only scar tissue. Plaintiff indicates that at some point Medical staff stopped pulling him out for sick call, and he wrote a number of Request to Staff Member forms about his medical concerns.

In December of 2013, the Plaintiff went back to the surgery clinic and indicates that the doctor noted a hernia that could be addressed by surgery. Plaintiff indicates that he was under the impression this was the umbilical hernia, but that in January of 2014 when he was given a questionnaire to fill out in connection with his hernia surgery, he noted the hernia was delineated as an Epigastric Hernia. He refused to have the surgery at that time based on questions he had regarding the specifics related to the hernia.

Plaintiff continued with visits to sick call in 2013 and 2014. He went back to Anderson Radiology Clinic in May of 2014 for another sonogram, whish showed a possible recurrance of a hernia. When Plaintiff went to the surgery clinic in September of 2014, he indicated to the physician that he had not had the earlier scheduled surgery because he thought he had an umbilical hernia, and not an epigastric hernia. He indicates that he asked for an MRI to be done, but one was never ordered. Plaintiff does indicate that surgery for his hernia was scheduled twice in December 2014/January 2015 but had to be rescheduled once because he had eaten breakfast, and once because he had just recovered from the flu virus.

Plaintiff names various medical staff that he has come into contact with during the treatment he has received as outlined above alleging that "they have acted in negligence towards the Plaintiff and his medical conditions." (Complaint page 10).

## Discussion

In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) "some person has deprived him of a federal right", and (2) "the person who has deprived him of that right acted under color of state or territorial law." Gomez v. Toledo, 446 U.S. 635, 640, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980). See also 42 U.S .C. § 1983; Monroe v. Pape, 365 U.S. 167, 171, 81

4

S.Ct. 473, 5 L.Ed.2d 492 (1961).

As an initial matter, Plaintiff names as a Defendant the South Carolina Department of Corrections. To the extent Plaintiff has actually intended to sue the South Carolina Department of Corrections itself, this lawsuit still cannot be pursued in this federal court because the Eleventh Amendment to the United States Constitution divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. See e.g., Fed. Maritime Comm. v. South Carolina State Ports Auth., 535 U.S. 743, 747, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002); Bellamy v. Borders, 727 F.Supp. 247, 248–250 & nn. 2–3 (D.S.C.1989); Coffin v. South Carolina Dep't of Soc. Serv., 562 F.Supp. 579, 583–585 (D.S.C.1983); and Belcher v. South Carolina Bd. of Corr., 460 F.Supp. 805, 808–809 (D.S.C.1978). See also Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (although express language of Eleventh Amendment only forbids suits by citizens of other States against a State, Eleventh Amendment bars suits against a State filed by its own citizens). Under Pennhurst State Sch. & Hosp., a State must expressly consent to suit in a federal district court, and the State of South Carolina has not so consented. See S.C.Code Ann. § 15–78–20(e) (1976) (statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another State).

With respect to medical care, a prisoner in a § 1983 case "must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The Court has also stated that not "every claim by a prisoner that he has not received adequate medical treatment states a violation." Estelle

5

v. Gamble, 429 U.S. at 105. See also Jackson v. Fair, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice"). In Lamb v. Maschner, 633 F.Supp. 351, 353 (D.Kan.1986), the district court ruled that the proper inquiry is whether the prisoner was provided any treatment, and that the prisoner's agreement or disagreement with the treatment is irrelevant.

If liberally construed, Plaintiff, in his Complaint, may be attempting to state a claim of deliberate indifference to medical needs. However, Plaintiff's complaint clearly indicates that Plaintiff has received medical attention for his medical issues, specifically his hernia(s). He has been seen by both nurse practioners and physicians at sick call and at the surgery clinic on multiple occasions. He has been prescribed pain medication and has had one surgery to correct his hernia, and been scheduled for two additional surgeries which have been canceled based on other circumstances. As such, Plaintiff's claim does not rise to the level of deliberate indifference to a serious medical need.

At best, Plaintiff's allegations may be interpreted as an action for negligent or incorrect medical treatment. In fact, Plaintiff appears to be stating just such a claim, indicating that the Defendants have shown "negligence" in their response to his medical condition. (Complaint, page 10). However, negligence and mal-practice claims are not cognizable under 42 U.S.C. § 1983. See Estelle v. Gamble, 429 U.S. at 106 (negligent or incorrect medical treatment is not actionable under 42 U.S.C. § 1983). As the factual allegations in Plaintiff's complaint fail to state a cognizable claim of deliberate indifference, and negligence is not actionable under § 1983, Plaintiff's case is subject to summary dismissal.

**Recommendation**

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case without prejudice and without issuance of service of process. See Denton v. Hernandez, 504 U.S. at 31; Neitzke v. Williams, 490 U.S. at 324–25; Todd v. Baskerville 712 F.2d at 74.

Plaintiff's attention is directed to the important notice on the next page.

s/ Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 9, 2015
Florence, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).