IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Michael Goins, #302385, <br> a/k/a *Michael D. Goins* <br><br> Plaintiff, <br><br> v. <br><br> Palmetto Health Medical Center at Park Ridge (PMHC); South Carolina Department of Corrections; Anderson Radiology Center (ARC); Dr. Chad Rubin; Doctor Parker; Doctor Scott; John Doe #1, Nurse at PMHC; John Doe #2, Nurse at PMHC; John Doe #3, Nurse at ARC; John Doe #4, Nurse at ARC; John Doe #5, Nurse at ARC; Doctor Benjamin Lewis; NP Amy Enloe; Nurse Katherine Burgess; Nurse Lindsey Harris; Nurse Matthew Harper; Nurse Faith Chappell; Janice Phillips, Administrative Asst at SCDC Headquarters; John Doe #6, Nurse at SCDC Headquarters; and John Doe #7, Nurse at SCDC Headquarters, <br><br> Defendants. | No. 4:14-cv-4082-RMG <br><br> **ORDER** |

This matter is before the Court on the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 26), recommending that this Court dismiss this action without prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915. The Court hereby **ADOPTS** the R & R in full. Accordingly, Plaintiff's complaint is **DISMISSED**.

## I. Background

Plaintiff Michael Goins ("Plaintiff), proceeding *pro se* and *in forma pauperis*, is incarcerated in the Perry Correctional Institution (PCI), a facility of the South Carolina

Department of Corrections (SCDC). Plaintiff brings this civil action on October 22, 2014 seeking relief pursuant to 42 U.S.C. § 1983 claiming Defendants have been deliberately indifferent to his medical needs by denying and/or providing improper medical treatment and seeks monetary damages as well as injunctive relief. (Dkt. No. 1).

On February 9, 2015, the Magistrate Judge issued a Report and Recommendation ("R & R") (Dkt. No. 26), recommending that this Court dismiss this action without prejudice and without issuance and service of process. On March 6, 2015, Plaintiff filed timely objections to the R & R. (Dkt. No. 33).

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber,* 423 U.S. 261, 270-271 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C. § 636(b)(1)); *accord* Fed. R. Civ. P. 72(b).

After careful review of the record, the R & R, and Plaintiff's objections, the Court finds that the Magistrate Judge applied sound principles to the facts of this case and therefore agrees with and wholly adopts the conclusions of the Magistrate Judge. Plaintiff makes several objections to the dismissal of this action by arguing deliberate indifference to his medical needs but they are unpersuasive.

Plaintiff argues the various Defendants were deliberately indifferent to his serious medical needs by delaying his medical treatment from January to April 2013, failing to prescribe pain medication for his hernia pain, and after prescribing pain medication in August 2013, failing

2

to respond once notified the medicine was ineffective. (Dkt. No. 33). Additionally, Plaintiff argues that from July 2013 until now, various Defendants were deliberately indifferent by not ordering tests or prescribing medication to address the shooting pains, numbness or nerve damage as Plaintiff suggested. (*Id.*). Finally with regard to deliberate indifference, Plaintiff argues that various Defendants allowed a six-month delay in treatment (July to December 2013) before sending him back for surgery to alleviate his pain with the "known fact that a hernia is detrimental to one's health and may even be fatal." (*Id*).[1]

"[D]eliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain" prohibited by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). A serious medical need "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Iko v. Shreve*, 535 F.3d 225, 241 (4th Cir. 2008). First, the prisoner must show objectively that the deprivation suffered or the injury inflicted was serious. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). Second, the prisoner must satisfy the subjective component of such a claim by a showing of deliberate indifference by prison officials. This "entails something more than mere negligence" but does not require actual purposeful intent. *Rish v. Johnson*, 131 F.3d 1092, 1096 (4th Cir. 1997). "It requires that a prison official actually know of and disregard an objectively serious condition, medical need, or risk of harm." (*Id.*) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Here, Plaintiff's complaint constitutes a serious medical need as evidenced by the fact that Plaintiff underwent surgery in July 2013 and was subsequently scheduled to undergo surgery

---

[1] Of note, once scheduled, Plaintiff declined to have this surgery. *See* Dkt. No. 1 at 2.

3

again in January 2014. However, in turning to the subjective prong, and liberally construing Goins' complaint with all inferences in his favor, Plaintiff fails to state a cognizable claim for deliberate indifference to his medical needs. Plaintiff's allegations show only a disagreement as to the proper type and amount of medical treatment provided, not that the Plaintiff was denied necessary treatment or that any delay in treatment was the result of deliberate indifference by the Defendants. "Disagreements between an inmate and a physician over the inmate's proper care do not state a § 1983 claim unless exceptional circumstances are alleged." *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985) (quoting *Gittlemacker v. Prasse*, 428 F.2d 1, 6 (3rd Cir. 1970)).

Finally, Plaintiff discusses the reasons for his malpractice action in his objections to the R & R. However, these arguments relate to Plaintiff's state law claims, which must be brought in state court. It is well settled that negligent or incorrect medical treatment (medical malpractice) is not actionable under 42 U.S.C. § 1983. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

## IV. Conclusion

For the reasons set forth above, the Court agrees with and adopts the R & R (Dkt. No. 26) and Plaintiff's Complaint is **DISMISSED**, without prejudice and without issuance and service of process.

**IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Judge

March 17, 2015
Charleston, South Carolina

4